UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AHLAM Z. MALIKI, | ) |
| | ) CASE NO. C12-268-MJP-MAT |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) RE: SOCIAL SECURITY DISABILITY |
| MICHAEL J. ASTRUE, Commissioner | ) APPEAL |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

Plaintiff Ahlam Z. Maliki proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's application for Supplemental Security Income (SSI) benefits after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

///

///

///

REPORT AND RECOMMENDATION
PAGE -1

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1970.[1] She finished high school and attended some college. She previously worked as a teacher in Iran. She has not worked in the United States. (AR 35-36.)

Plaintiff filed an application for SSI benefits on June 30, 2009, alleging disability beginning January 1, 2002. Plaintiff's application was denied at the initial level and on reconsideration. Plaintiff timely requested a hearing.

On May 12, 2011, ALJ Stephanie Martz held a hearing, taking testimony from plaintiff and a vocational expert. (AR 29-50.) On June 21, 2011, the ALJ issued a decision finding plaintiff not disabled. (AR 14-24.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on December 12, 2011 (AR 1-4), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's depressive disorder, posttraumatic stress disorder (PTSD) and asthma severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that plaintiff's impairments did not meet or equal the criteria of a listed impairment. If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to lift and carry fifty pounds occasionally and twenty-five pounds frequently, able to sit for about six hours in an eight hour workday, and stand and/or walk about six hours in an eight hour workday. She can occasionally climb and frequently balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extreme cold, flumes [sic], dusts, odors, gases, poor ventilation, and hazards. She can understand, remember, and perform simple and repetitive tasks. She should have limited contact with coworkers. She needs a predictable and structured work environment. With that assessment, the ALJ found plaintiff unable to perform her past relevant work as an elementary school teacher.

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such as work as a basket filler, assembler, and cannery worker.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a

whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ failed to address or consider the opinion of plaintiff's mental health provider, Arica Keyser, ARNP, and failed to provide a legally sufficient explanation for the weight given to the opinion of examining physician Dr. Watson Kenderdine. She requests remand for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons set forth below, the Court agrees with the Commissioner.

## Medical Opinion Evidence

In general, more weight should be given to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining physician's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ may reject physicians' opinions "by setting out a detailed and thorough

summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*, 881 F.2d at 751).  Rather than merely stating her conclusions, the ALJ "must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

"The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003).  *Accord Thomas*, 278 F.3d at 956-57 ("When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict.") (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).  Less weight may be assigned to the opinions of "other sources".  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996), 20 C.F.R. § 416.913(d).  However, "[s]ince there is a requirement to consider all relevant evidence in an individual's case record," the ALJ's decision "should reflect the consideration of opinions from medical sources who are not 'acceptable medical sources' and from 'non-medical sources' who have seen the claimant in their professional capacity."  Social Security Ruling (SSR) 06-03p.

The ALJ need not discuss each piece of evidence in the record.  *Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  Instead, "she must explain why 'significant probative evidence has been rejected.'" *Id*. (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981)).

A.   <u>Arica Keyser, ARNP</u>

Plaintiff argues the ALJ erred by failing to consider the opinion of Arica Keyser, ARNP.  Specifically, plaintiff cites the "Documentation Request for Medical or Disability Condition" form completed by Ms. Keyser on January 21, 2011, wherein Ms Keyser opined that plaintiff

would have "difficulties concentrating and interacting with others due to anxiety symptoms" and therefore would not be able to work. (AR 419-22.)

The Commissioner argues the ALJ did not err in failing to cite this particular opinion of Ms. Keyser. The Commissioner contends the ALJ's Decision reflects a consideration of many of Ms. Keyser's observations about plaintiff, but Ms. Keyser's opinion about plaintiff's employability was neither significant, nor probative. The Commissioner notes that Ms. Keyser did not discuss any specific functional limitations, referring only to vague "difficulties" that plaintiff would experience. (AR 419.) Further, the Commissioner argues Ms. Keyser's conclusory opinion addressed an issue reserved for the Commissioner, and was not entitled to any special weight. 20. C.F.R. § 416.927(d)(2). The Court agrees that, especially with regard to an "other source" opinion, Ms. Keyer's opinion was not entitled to any special weight.

Nor has plaintiff met her burden of showing the harmfulness of error, if any, in the ALJ's failure to specifically cite Ms. Keyer's opinion. *See Stout v. Commissioner, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (recognizing application of harmless error in Social Security context where a "mistake was nonprejudicial to the claimant or irrelevant to the ALJ's ultimate disability conclusion.") and *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("'[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'") (quoting *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009)). While the ALJ did not credit the opinion that plaintiff was completely unable to work, finding plaintiff able to "understand, remember, and perform simple and repetitive tasks", she did find plaintiff "should have limited contact with coworkers [and] a predictable and structured work environment." (AR 18.) *See, e.g. Turner v. Comm'r,* 613 F.3d 1217, 1223

REPORT AND RECOMMENDATION
PAGE -6

(9th Cir. 2010) (ALJ did not err in adopting limitations consistent with the opinion of a medical source, although rejecting the source's opinion that claimant is disabled).  The Court, therefore, does not find the ALJ erred in the consideration of Ms. Keyser's opinions.

B.      Watson Kenderdine, Ph.D.

Plaintiff also assigns error to the ALJ's evaluation of the opinions of Dr. Kenderdine, a state agency examining consultant. (AR 255-63.)  The ALJ gave "no weight" to Dr. Kenderdine's opinion:

> Dr. Kenderdine evaluated the claimant in April 2009, in connection for the claimant's request for state assistance.  Dr. Kenderdine opined that the claimant had PTSD and depression with possible psychotic symptoms.  Dr. Kenderdine stated that the claimant was asked to write a sentence in Arabic but was unable to do so and instead wrote a "few nonsensical words".  She allegedly needed reminders to bathe.  Her thought processes were described as "confused".  Dr. Kenderdine assessed multiple marked and severe limitations.  Dr. Kenderdine's description of the claimant's functioning is inconsistent with the claimant's treatment records, including the descriptions of her mental health providers, as discussed in detail above.  Dr. Kenderdine apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported.  Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints.

(AR 22, citations to administrative record omitted.)

Plaintiff argues the ALJ's reasons for giving no weight to Dr. Kenderdine's opinions were not legally sufficient.  Plaintiff contends the ALJ failed to identify any particular inconsistency between plaintiff's treatment records and Dr. Kenderdine's findings, and disputes the ALJ's assessment of Dr. Kenderdine's opinions as relying "quite heavily" on plaintiff's subjective report.

However, the Court agrees with the Commissioner that the ALJ's reasoning stands up

REPORT AND RECOMMENDATION
PAGE -7

under scrutiny. Since Dr. Kenderdine's opinions as to plaintiff's mental limitations were contradicted by at least two other psychologists, Dr. Diane Fligstein (AR 331-33) and Dr. Eisenhauer (AR 387), the ALJ was required to provide specific and legitimate reasons for rejecting the opinions. *Lester¸* 81 F.3d at 831.

Although plaintiff argues the ALJ did not specifically cite the treatment records found by the ALJ to be inconsistent with Dr. Kenderdine's findings, the ALJ does refer to the contrary findings of other mental health providers, discussed previously in the decision. (AR 22.) That discussion provides multiple examples contradictory to Dr. Kenderdine's observations and findings. For example, Dr. Kenderdine's statements that plaintiff was unable to write a sentence in Arabic (her native language) but instead "wrote a few nonsensical words", and exhibited a "somewhat confused" thought process (AR 257) was inconsistent with treatment notes from Sheila Bartlett, MA, MHP (specifically referenced by the ALJ (AR 20)) assessing plaintiff as having an affect that was "bright, laughing and joking appropriately", "very engaged and talkative, thoughts clear and linear", and Ms. Bartlett's notation that plaintiff's "attitude is positive except when talking about going to work. Energy is good, she is talkative, open and engaging." (AR 362, 429.) Dr. Kenderdine's observation that plaintiff "needs to be reminded to shower and bathe" (AR 257) was inconsistent with Ms. Bartlett's observation that plaintiff was "always clean and neatly dressed in traditional robe and silk head scarf." (AR 361.)

A reviewing court may permissibly draw inferences from the ALJ's findings. *Magallanes*, 881 F.2d at 755. *See also Molina*, 674 F.3d at 1121 ("Even when an agency 'explains its decision with "less than ideal clarity,"' we must uphold it 'if the agency's path may

Case 2:12-cv-00268-MJP   Document 23   Filed 10/30/12   Page 9 of 10

reasonably be discerned.'") (quoting *Alaska Dep't of Envtl. Conservation v. EPA*, 540 U.S. 461, 497 (2004) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys.*, 419 U.S. 281, 286 (1974))). Substantial evidence supports the ALJ's assessment of Dr. Kenderdine's opinion as inconsistent with plaintiff's treatment records.

The Court also finds substantial evidence support for the ALJ's finding that Dr. Kenderdine's opinion relied "quite heavily" on plaintiff's subjective reports of symptoms and limitations and, therefore, was entitled to less weight. The assessment form specifically calls for the evaluator to list "Impairments/symptoms <u>claimed by individual</u>". (AR 255, emphasis added.) Dr. Kenderdine's account of plaintiff's "relevant medical history" is clearly taken directly from her. (AR 255, 257 ("He [sic] [complains of] flashbacks, nightmares, confusion and memory problems; unable to recall the birthdays of his children. … He[sic] does express confusion about performing basis self care and states that he needs to be reminded."; "He[sic] has a current WSDL but states he frequently get lost and confused. He needs to be reminded to shower and bathe."))[2]

The ALJ may permissibly reject an opinion based largely on the discredited subjective complaints of the plaintiff. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Plaintiff does not assign error to the ALJ's evaluation of the credibility of her subjective symptoms. The Court does not find error in the ALJ's assessment of the opinion of Dr. Kenderdine.

///

---

[2] The ALJ notes Dr. Kenderdine's use of the male pronoun when referring to plaintiff, but assumes the error to be typographical. (AR 22.)

PAGE -9

## CONCLUSION

For the reasons set forth above, the decision of the ALJ should be AFFIRMED.

DATED this 30th day of October, 2012.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -10